UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY,                                                              CIVIL ACTION NO.:

                       Plaintiff,

   -against-                                                                      **COMPLAINT**

CONESICECREAMCORP., BINYAMIN YITCHAKOV,
and YOEL FRIEDMAN,

                     Defendants.
-----------------------------------------------------------------------X

Plaintiff, by and through its attorneys, Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, as and for its Complaint seeking a judgment declaring the legal rights, duties and obligations of the parties to this Action, allege as follows:

### THE NATURE OF THIS ACTION

1.    METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter "Metropolitan") seeks rescission of the Business Auto Policy issued to Cones Ice Cream ("Cones") under policy number CA026491P2018 (the "Metropolitan BAP") based upon material representations made by Cones in the its application for insurance.

2.    Alternatively, Metropolitan seeks a judicial determination that it has no obligation to defend or indemnify defendants, Cones, Binyamin Yitchakov, or Yoel Friedman, in connection with a motor vehicle accident that occurred on August 9, 2018 in the Town of Thompson, County of Sullivan, based upon defendants' breach of the terms of the Metropolitan BAP.

**THE PARTIES**

3.     Metropolitan was and remains a foreign insurance company duly organized and existing under and by virtue of the laws of the Rhode Island and having its principal place of business located in Warwick, Rhode Island.

4.     Metropolitan is incorporated in the State of Rhode Island and is a citizen of Rhode Island pursuant to 28 U.S.C. §1332 (c)(1).

5.     Upon information and belief, at all times hereinafter mentioned, defendant Cones Ice Cream ("Cones") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, with a principal place of business at 185 Carrier Street, Liberty, NY 12754.

6.     Upon information and belief, defendant Binyamin Yitchakov ("Yitchakov") was and still is a resident of the State of New York, Kings County, residing at 550 East 4th Street, Brooklyn, New York, 11218.

7.     Upon information and belief, defendant Yoel Friedman ("Freidman"), was and still is a resident of the State of New York, Kings County, residing at 945 44th Street, Brooklyn, New York  11219.

**JURISDICTION AND VENUE**

8.     This action is filed under and pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §2201.

9.     Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

10.    There is complete diversity of citizenship between plaintiff and the defendants.

11. A controversy exists between the parties as to whether coverage should be afforded under a policy of insurance and whether said policy should be rescinded and thereby deemed null and void.

12. Circumstances exist that justify a determination by the Court, pursuant to 28 U.S.C. § 2201, of the rights and obligations of the plaintiff as to the provisions of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants.

13. Venue in this District is proper under 28 U.S.C. § 1391 (b) (3) in that defendant Cones' principal place of business where the subject policy was issued and the location of the incident are within this Court's jurisdiction.

14. Plaintiff has no adequate remedy at law.

15. Metropolitan is therefore entitled to bring this action in this Court.

**FACTS**

16. On August 9, 2018, Shmuel Gellis was involved in a fatal motor vehicle accident when he was struck by a vehicle owned by defendant Cones and operated by defendant Freidman.

17. Metropolitan has received a letter of representation dated November 19, 2018 from the Law Offices of Kramer, Dillof, Livingston & Moore on behalf of the Estate of Shmuel Gellis wherein counsel advises that the Estate of Shmuel Gellis intends to pursue claim(s) against Cones and Freidman.

18. That upon information and belief, the Estate of Shmuel Gellis has not yet commenced litigation in connection with the motor vehicle accident.

19. Plaintiff Metropolitan issued Business Auto Policy No. CA026491P2018 to Cones, with effective dates June 19, 2018 through June 19, 2019.

20. That on June 19, 2018, prior to the issuance of the BAP, Cones submitted a Commercial Insurance Application.

21. That the Commercial Insurance Application describes the primary operations of Cones as "Wholesalers, Nondurable Goods."

22. That the Commercial Insurance Application did not disclose that Cones was in the business of providing retail sales of ice cream to the public from its trucks, including the vehicle that allegedly struck Shmuel Gellis.

23. That retail sales to the public is not a risk that Metropolitan will underwrite.

24. That in the section of the application for "Driver Information", the application failed to include the name of Yoel Freidman.

25. That Metropolitan would not have issued the BAP if Yoel Freidman was disclosed as a driver for Cones due to "driver ineligibility."

26. Based on Cones' responses and other representations at the time of the June 19, 2018 Commercial Insurance Application, plaintiff Metropolitan issued BAP number CA026491P2018 to Cones, affording coverage for the policy period June 19, 2018 to June 19, 2019.

27. The Metropolitan BAP was issued based upon a material misrepresentation in the application submitted by Cones.

28. At the time Cones submitted the above-referenced application, plaintiff Metropolitan had no reason to believe that any of the information provided by Cones was untruthful.

29.   That Metropolitan and its counsel have made numerous attempts to schedule an Examination Under Oath of Binyamin Yitchakov, on behalf of Cones, and that Yitchakov, on behalf of Cones, has refused to appear for same.

30.   That Metropolitan and its counsel have made numerous attempts to obtain relevant documents from Yitchakov on behalf of Cones and that Yitchakov, on behalf of Cones, has refused to provide the requested documents.

31.   That cooperation in investigation of a claim is a conditions precedent to coverage under the Metropolitan BAP.

32.   That defendants have breached the duty to cooperate under the Metropolitan BAP.

### THE DISCLAIMER

33.   That by letter dated April 10, 2018, Metropolitan disclaimed coverage to Cones and Yitchakov in connection with the *Gellis* Claim Action.

34.   That in the April 10, 2018 letter, Metropolitan advised defendants that it intended to commence an action to rescind the Metropolitan BAP and to seek a declaration that there is no coverage under the Metropolitan BAP for any claims relating to the *Gellis* Claim.

### AS AND FOR A FIRST CAUSE OF ACTION
### RESCISSION OF THE POLICY

35.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "34" as if set forth more fully herein.

36.   Upon receipt of notice of the incident, Metropolitan learned information that directly contradicted representations made by Cones in its Commercial Insurance Application.

37.   Metropolitan subsequently learned that Cones was in the business of selling retail ice cream from trucks.

38.   Retail sales is not a risk that metropolitan would have underwritten.

39.   Had Metropolitan known that Cones was engaged in the retail sale of ice cream from its trucks, the BAP would not have been issued.

40.   Metropolitan subsequently learned that Yoel Friedman, the driver of the truck involved in the incident, was not listed on the Commercial Insurance Application as a driver as required by the Application.

41.   Metropolitan subsequently learned that Yoel Friedman, the driver of the truck involved in the incident, had prior convictions and accidents concerning the operation of motor vehicles.

42.   Upon information and belief, all of Yoel Friedman's prior convictions and accidents preceded Cones' submission of its June 19, 2018 Application.

43.   Upon information and belief, Cones had notice of the aforementioned convictions and accidents prior to submitting its June 2018 Application.

44.   Had Cones answered all of the questions on the Application truthfully, Metropolitan would not have issued the Metropolitan BAP to Cones.

45.   Had Metropolitan known that Friedman had prior convictions and accidents relative to the operation of a motor vehicle, it would have denied Cones' request for coverage in accordance with its underwriting guidelines at the time.

46.   Based on the aforementioned, Metropolitan sent Cones a letter advising that it intended to commence an action to rescind the Metropolitan BAP on the basis of Cones' misrepresentation of material facts on the Application.

## AS AND FOR A SECOND CAUSE OF ACTION
## DECLARATORY RELIEF - RESCISSION

47.   Plaintiff Metropolitan repeats and realleges each and every allegation contained in the paragraphs of the Complaint numbered "1" through "46" as if more fully set forth at

length herein.

48.   That Cones materially misrepresented in the application process the fact that its the primary operations were "Wholesalers, Nondurable Goods" and failed to disclosed that it was engaged in the retail sale of ice cream from its trucks.

49.   That Cones materially misrepresented that Yoel Friedman was a driver for Cones when it failed to include the name of Yoel Freidman in the "Drivers Information" section of the Application.

50.   That had Cones truthfully represented that Yoel Friedman was a driver for Cones, Metropolitan would have discovered that Yoel Friedman had a history of prior convictions and accidents related to the operation of a motor vehicle prior to issuing the Metropolitan BAP.

51.   That the fact that Yoel Friedman had a history of prior convictions and accidents related to the operation of a motor vehicle was not disclosed to or known by Metropolitan either at the time Cones submitted its Application or at the time Metropolitan issued the BAP that was in effect on the date of the fatal accident.

52.   Had Cones truthfully advised Metropolitan that Yoel Freidman was a driver, at the time Cones submitted the Application, as per its underwriting guidelines, Metropolitan would not have issued the Metropolitan BAP.

53.   As a result of Cones' material misrepresentation, Metropolitan is entitled to rescission of the Metropolitan BAP.

54.   By reason of the foregoing, Metropolitan has no duty to defend or indemnify Cones, Yitchakov or Friedman with respect to the underlying incident or the *Gellis* Claim and is entitled to a declaration rescinding the Policy.

55.    Plaintiff has no adequate remedy at law.

**AS AND FOR A THIRD CAUSE OF ACTION**
**DECLARATORY RELIEF – BREACH OF DUTY TO COOPERATE**

56.    Plaintiff Metropolitan repeats and realleges each and every allegation contained in the paragraphs of the Complaint numbered "1" through "55" as if more fully set forth at length herein.

57.    That the Metropolitan BAP contains the following provisions:

**SECTION IV – BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions.

*      *      *

2.    **Duties In The Event Of Accident, Claim Or Suit.**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a.    In the event of "accident", "claim", "suit" or "loss, you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

(1)    How, when and where the "accident" or "loss" occurred;

(2)    The "insured's" names and address; and

(3)    To the extent possible, the names and addresses of any injured persons and witnesses.

b.    Additionally, you and any other involved "insured" must:

(1)    Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2)    Immediately send us copies of any request, demand, order, notice, summons, or legal paper received concerning the claim or "suit".

– 8 –

      **(3)**     Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

      **(4)**     Authorize us to obtain medical records or other pertinent information.

      **(5)**     Submit to examination, at our expense by physicians of our choice, as often as we reasonably require.

   **c.**     If there is "loss" to a covered "auto" or its equipment, you must also do the following:

      **(1)**     Promptly notify the police if the covered "auto" or any of its equipment is stolen.

      **(2)**     Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

      **(3)**     Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

      **(4)**     Agree to examinations under oath at our request and give us a signed statement of your answers.

*    *    *

58.    That Cones has breached one or more of the duties set forth above.

59.    That Cones has failed to cooperate with Metropolitan in the investigation or settlement of the claim as required by the BAP.

60.    That Cones has failed to and refused to submit to an examination under oath as required by the BAP.

61.    That as a result of this breach, Metropolitan has no duty to defend or indemnify Cones, Yitchakov or Friedman in connection with the *Gellis* Claim or any ensuing action.

62.    That Plaintiff has commenced the within action to obtain a declaration of the parties' respective rights and obligations under the Metropolitan BAP.

63.    That Plaintiff has no adequate remedy at law.

– 9 –

**WHEREFORE**, plaintiff METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY prays that judgment be entered declaring that plaintiff Metropolitan is not obligated to defend or indemnify Cones, Binyamin Yitchakov, or Yoel Friedman, under the Metropolitan BAP in connection with a motor vehicle accident that occurred on August 9, 2018 and that said policy is rescinded, together with granting costs, disbursements and such other and further relief as to this Court may deem just, proper, and equitable under the circumstances.

Dated: Uniondale, NY
　　　　July 22, 2019

　　　　　　　　　　　　　　　Yours, etc,

　　　　　　　　　　　　　　　CONGDON, FLAHERTY, O'CALLAGHAN, REID,
　　　　　　　　　　　　　　　DONLON, TRAVIS & FISHLINGER
　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　BY: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　RICHARD J. NICOLELLO
　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　333 Earle Ovington Blvd. – Suite 502
　　　　　　　　　　　　　　　Uniondale, NY  11533
　　　　　　　　　　　　　　　(516)  542-5900

**VERIFICATION**

STATE OF  North Carolina               )
                                       ) ss.:
COUNTY OF  Mecklenburg                 )

     Deponent is a Senior Claim Adjuster for the defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, in the within action.

     Deponent has read the foregoing COMPLAINT and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.

     The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are information, investigation and other documentation contained in deponent's file.

     Upon information and belief, the undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: Charlotte, North Carolina
     July _____ 18 _____, 2019

                                  ELIZABETH ADAMS

Sworn to before me this
1 8 _____ day of July 2019

_____
Notary Public

CAROL ELIZABETH WEAVER
NOTARY PUBLIC
Union County
North Carolina
My Commission Expires 8/12/2020